IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:24-cr-30066-DWD |
| ) | |
| **BRODERICK K. CURRIE,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM & ORDER

Before the Court are the Government's Motions *in Limine* Regarding Defining Reasonable Doubt (Doc. 29) and Allowing the Use of Transcripts (Doc. 30) at trial, to which Defendant did not file Responses. Also before the Court is Defendant's Motion *in Limine* (Doc. 32) under Federal Rules of Evidence 403 and 404, to which the Government filed a Response in Opposition. (Doc. 34).[1] The Motions *in Limine* are now ripe for a resolution by the Court. Consistent with the following explanations, the Government's Motions *in Limine* are **GRANTED** and Defendant's Motion *in Limine* is **GRANTED**.

On May 7, 2024, a grand jury in this District indicted Defendant for the distribution of controlled substances, cocaine (Count I) and fentanyl (Count II), on February 21, 2024, under 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 1). A Final Pretrial Conference was held on January 23, 2025, and a jury trial is scheduled for March 31, 2025. (Docs. 33 & 37).

Now, as an initial matter, the Court recognizes that it has broad discretion to

---

[1]Defendant's Motion *in Limine* only cites Rule 403. However, at the Final Pretrial Conference, Defendant's attorney indicated the Court should consider the Motion *in Limine* under both Rules 403 and 404. Therefore, the Court does so in this Memorandum & Order as the Government does in its Response.

decide evidentiary questions that are presented in a motion *in limine* before trial. *See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). Such rulings serve to guide the parties on the evidence that will be admitted at trial; however, the Court remains free to alter earlier rulings on motions *in limine. Id.* (citing *Luce v. U.S.,* 469 U.S. 38, 41–42 (1984); *Farfaras v. Citizens Bank & Trust of Chicago,* 433 F.3d 558, 565 (7th Cir. 2006)).

In its Motions *in Limine*, the Government seeks for the Court to prohibit any attempts to define reasonable doubt and to allow the use of transcripts to present evidence at trial. (Docs. 29 & 30, generally). Defendant has not indicated any opposition to the Motions *in Limine.* Accordingly, consistent with the following authorities, the Government's Motion *in Limine* Regarding Defining Reasonable Doubt (Doc. 29) is **GRANTED**. *See U.S. v. Alt*, 58 F.4th 910, 918-20 (7th Cir. 2023) (" 'Many times in the past, we have been explicit about the inappropriateness of defining "reasonable doubt." ' [Citation]. We have been so clear, in fact, that…we found it 'remarkable' and improper for the prosecutor to tell the jury that 'beyond a reasonable doubt means just that. It does not mean proof to a certainty or proof beyond all doubt.' "); *U.S. v. Alex Janows & Co.*, 2 F.3d 716, 723 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."); Committee on Federal Criminal Jury Instructions of the Seventh Circuit, *The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit* § 1.04 (2023 ed.) ("The Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the jury.").

In addition, to the extent audio and video recordings are allowed to be played at

trial, the Government's Motion *in Limine* Allowing the Use of Transcripts (Doc. 30) is **GRANTED**. *See U.S. v. Cheek*, 740 F.3d 440, 450-51 (7th Cir. 2014) (" '[D]istrict courts have wide discretion in determining whether to allow juries to use written transcripts as aids in listening to audiotape recordings.' [Citation]. And '[w]e have previously permitted transcripts to be admitted at trial and used by the jury during their deliberations when the underlying tapes are actually played during the trial.' "); *U.S. v. Keck*, 773 F.2d 759, 766 (7th Cir. 1985) (Seventh Circuit holding the district court did not abuse its discretion by permitting the jury to use transcripts with the names of purported speakers, where the tapes were available to the defendants before the trial, the transcripts were not admitted into evidence or furnished to the jury for its deliberations, and the jury was instructed that it could not consider the transcripts and the names as evidence").

Next, in his Motion *in Limine*, Defendant argues as follows:

> The defendant moves the Court to exclude evidence, argument, or examination related to defendant's out of court statement made to law enforcement while in custody on May 17, 2024. Defendant made statements to law enforcement where defendant generally admitted to selling both cocaine, fentanyl and methamphetamine. Defendant stated he buys his cocaine from Money Mike Currie from Mt. Vernon, Illinois. Defendant stated he (Money Mike) would bring him quantities of crack and powder cocaine as needed. Defendant further stated that he would purchase his fentanyl from Kenny Thornton of Centralia, Illinois. Defendant stated he would get 10-15 beans and an eightball to quarter ounce of methamphetamine from Thornton. Defendant stated he purchased drugs from Thornton a million times in the last couple of years. Defendant stated he purchased drugs every day the last two years. Defendant stated he would sell any drugs to make money to support his habit.
>
> Defendant asserts that this evidence is not probative to whether defendant sold drugs on the date of the charging documents as charged and further that this evidence's probative value is outweighed by being unfairly

prejudicial. Defendant prays for the exclusion of this evidence as its probative value is substantially outweighed by the danger of unfair prejudice as cited in Federal Rule 403 of the Federal Rules of Evidence.

(Docs. 32 & 34-1).

In its Response, the Government notes, after being arrested on the Indictment and advised of his constitutional rights, Defendant made his statement to the FBI on May 17, 2024. (Docs. 7; 34, pgs. 1-2).[2] The Government argues the statement constitutes evidence of the offenses charged rather than evidence subject to exclusion under Rule 403 or evidence of "any other crimes, wrongs, or acts" under Rule 404(b)(1). (Doc. 34, pg. 2). More specifically, the Government argues the statement, as summarized in Defendant's own Motion *in Limine*, "related to his drug dealing activities…[including] how he obtains his drugs and who his source(s) is/are." (Doc. 34, pg. 3). Since that statement is "directly related to the method by which [Defendant] obtained drugs to sell to a confidential source on February 21, 2024," the Government maintains that "it is direct evidence relevant to a determination of guilt to the charged offenses." (Doc. 34, pg. 3). For these reasons, the Government asserts the statement is not inadmissible under Rule 404(b)(1).

Further, the Government contends Defendant's statement is not inadmissible under Rule 403. It argues the probative value of the statement is high because, throughout the interview, "defendant details where he obtains both cocaine and fentanyl and admits to agents that he sells them to help pay for the acquisition of his own drugs and to

---

[2]The Government manually filed an audio and video recording of Defendant's statement as Exhibit 1. (Docs. 34, pg. 1 n. 1; 34-1). The Court has reviewed the recording to resolve Defendant's Motion *in Limine*.

4

resupply himself, and how [Defendant] would order different types of cocaine based on the request of his buyer." (Doc. 34, pg. 4). The Government also notes, as did Defendant, he "admitted…[to] obtain[ing] fentanyl 'nearly every day' for two years and estimated the total number of fentanyl capsules he acquired as 'millions.' " (Docs. 32; 34, pg. 4).

Finally, the Government argues the statement, if presented to the jury, would not cause unfair prejudice to Defendant. (Doc. 34, pg. 4). The Government notes Defendant does not cite any unfair prejudice from the statement in his Motion *in Limine*; however, even if the Court found prejudice to Defendant, the Government argues it would not substantially outweigh the probative value of the statement. (Doc. 34, pg. 4). The Government charged Defendant with distribution, so it simply seeks to use the statement to evince "Defendant confessed to his involvement in the distribution." (Doc. 34, pg. 4).[3]

Now, Rule 403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also U.S. v. Conner*, 583 F.3d 1011, 1025 (7th Cir. 2009) ("Evidence is unfairly prejudicial if it induces the jury to decide the case on an improper basis rather than on the evidence presented. [Citation]. Such improper grounds include implying that a defendant's other bad act raises the odds

---

[3]In its Response, the Government discusses a reference to Defendant's prior criminal history in his statement to the FBI. (Doc. 34, pgs. 5-6). The Government has agreed to redact a certain portion of the audio and video statement, along with the corresponding transcript, that references the criminal history. (Doc. 34, pg. 6). However, the Government reaffirms its intent, as documented in its Notice (Doc. 31), to introduce evidence of the prior convictions to impeach Defendant in the event he testifies at trial. (Doc. 34, pg. 6).

that he did the bad act now charged."). Further, Rule 404(b)(1) provides "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Government must: (1) provide reasonable notice of any such evidence that it intends to offer at trial, as to allow Defendant a fair opportunity to meet it; (2) articulate the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (3) satisfy these obligations in writing, before trial, or in any form during trial, if the court, for good cause, excuses the lack of pretrial notice. *See* Fed. R. Evid. 404(b)(3).

As suggested by the Government's arguments, the Court must assess whether "evidence of other acts" is "actually" at issue. *See U.S. v. Thomas*, 986 F.3d 723, 728 (7th Cir. 2021). If "evidence of other acts" is "actually" at issue, then the Court must bear in mind that the Seventh Circuit, in the context of Rule 404(b)(2), has "cautioned that it's not enough for the proponent of the other-act evidence simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *U.S. v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). The Seventh Circuit explained its reasoning as follows:

> [T]o overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way. [Citation]. Other-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to "another purpose" must be established through a chain of

> reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case. If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case.

*Id.* at 861; *Thomas*, 986 F.3d at 728; *U.S. v. Mabie*, 862 F.3d 624, 632-33 (7th Cir. 2017); *U.S. v. Ferrell*, 816 F.3d 433, 444 (7th Cir. 2015); *U.S. v. Stacy*, 769 F.3d 969, 974 (7th Cir. 2014).

Here, at the outset, the Court stresses that the Government does not identify a permitted use for the statement under Rule 404(b)(2). By extension, the Government has not provided the required notice, including a permitted purpose for which it intends to offer the statement and the reasoning supporting that purpose, under Rule 404(b)(3). *See* Fed. R. Evid. 404(b)(2), (3). Instead, as noted above, the Government claims Rule 404(b) is inapplicable since the entire statement constitutes direct evidence of the charged crimes. (Doc. 34, pgs. 1-3). Defendant, for his part, argues the statement "is not probative to whether defendant sold drugs on the date of the charging documents." (Doc. 32).

The Court finds each party misses the mark with their characterization of Defendant's statement. Clearly, it is not the case, as Defendant suggests, that the statement is entirely nonprobative of the crimes charged on May 7, 2024, *i.e.*, the distribution of cocaine and fentanyl to a confidential source on February 21, 2024. (Docs. 1; 32). An arrest warrant was issued for those charges on May 7, 2024, and it was returned executed on May 17, 2024. (Docs. 4 & 7). Defendant provided the statement on the very

same day as his arrest on the charges, May 17, 2024, and he was informed before giving the statement that the arrest was for distributing a controlled substance. (Docs. 7; 32; 34, pgs. 1-2; 34-1). As each party admits, the statement reveals Defendant's admission to selling the specific substances listed in the Indictment, the persons from whom Defendant purchased those specific substances, and the notion that Defendant sold drugs to support his drug use. (Docs. 32; 34, pgs. 2-4; 34-1). Critically, Defendant also admits to buying drugs every day for the past two years, which, when coupled with the notion that Defendant sold drugs to support his own drug use, lends credence to the Indictment's allegations from February 21, 2024. (Doc. 1). Therefore, the Government is correct that portions of the statement do not implicate Rule 404(b)(1). *See* Fed. R. Crim. P. 404(b); *Thomas*, 986 F.3d at 728 (" 'Direct evidence of a crime is almost always admissible against a defendant' and is not 'other act evidence.' "); *Ferrell*, 816 F.3d at 443 ("[I]t remains intact that Rule 404(b) does not apply to direct evidence of the crime charged."); *U.S. v. Bradford*, 905 F.3d 497, 506 (7th Cir. 2018) ("Evidence that 'tend[s] to prove the elements of the offense' does not violate Rule 404(b)."); *U.S. v. Bolivar*, 532 F.3d 599, 601, 605-06 (7th Cir. 2008) (holding, in a case involving charges under § 841(a)(1), the court did not abuse its discretion by admitting the defendant's post-arrest statement, despite his argument under Rule 404(b)(1), as it "was evidence of the charged crimes, not some other 'bad acts,' " where, *inter alia*, he told the officer that he knew about large amounts of drugs coming from Mexico, the statement admitted deep involvement in the drug trade, and the statement corroborated the impression he accessed cocaine from multiple sources).

However, notwithstanding this conclusion, the Court finds the statement goes beyond Defendant's alleged distribution of cocaine and fentanyl to a confidential source on February 21, 2024. (Doc. 1). Indeed, the Government itself describes the statement as reflecting Defendant's broader drug use and "drug dealing activities." (Doc. 34, pgs. 3-4). This is an accurate characterization of the statement, as Defendant references, *inter alia*, his broader drug use and the frequency and quantity of his drug purchases, including of methamphetamine, which is not a substance that he is accused of distributing, over at least a two-year period. (Docs. 32; 34, pgs. 2-4; 34-1). The Court emphasizes Defendant is not charged with a drug conspiracy; rather, he is charged with the distribution of cocaine and fentanyl on February 21, 2024. *See Conner*, 583 F.3d at 1016-17, 1020-21, 1024-25 (Seventh Circuit distinguishing the cases relied upon by the Government, in an appeal stemming from a conviction for the distribution of cocaine and involving the interplay between the intricately related doctrine and Rule 404(b), where "the defendant in each of those cases was actually charged with conspiracy" and, by contrast, "the government here did not need to prove that Conner had a relationship with [co-conspirators] to show that [he] distributed drugs on" the date charged in the indictment because he was not accused of conspiracy, with selling drugs on behalf of a co-defendant, or with selling drugs on another date); *U.S. v. Simpson*, 479 F.3d 492, 501 (7th Cir. 2007), *abrogated in part on other grounds by U.S. v. Richards*, 719 F.3d 746 (7th Cir. 2013) (same); (Doc. 1). Therefore, in short, the statement "actually" contains broader evidence of "any other crime, wrong, or act," and such evidence is not admissible to prove Defendant's character in order to

9

show that on February 21, 2024, he acted in accordance with that character. *See* Fed. R. Crim. P. 404(b)(1); *Thomas*, 986 F.3d at 728; *see also U.S. v. Lowe*, 2 F.4th 652, 656 (7th Cir. 2021) (Seventh Circuit recognizing " '[w]e have expressed concerns before' about using other-act evidence merely to '[c]omplete the story,' for that is 'not one of the permissible non-propensity uses we [have] endorsed.' "); *U.S. v. Gorman*, 613 F.3d 711, 718-19 (7th Cir. 2010) ("We again reiterate our doubts about the usefulness of the inextricable intertwinement doctrine, and again emphasize that direct evidence need not be admitted under this doctrine. If evidence is not direct evidence of the crime itself, it is usually propensity evidence simply disguised as inextricable intertwinement evidence, and is therefore improper, at least if not admitted under the constraints of Rule 404(b).").

Again, at present, the Government's sole argument is that the statement does not implicate Rule 404(b)(1), at all, because it only consists of direct evidence of the crimes charged under § 841(a)(1) and (b)(1)(C). As discussed above, that is incorrect. Therefore, Defendant's Motion *in Limine* is **GRANTED** to the extent the Government seeks to use the entirety of the statement as direct evidence of the charged crimes.

**SO ORDERED.**

Dated: March 20, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge